**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ZAHID N. QURAISHI<br>UNITED STATES DISTRICT JUDGE | U.S. COURTHOUSE<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

December 18, 2023

## LETTER ORDER

Re:   Estate of Frances D. DeRosa v. Governor Phillip D. Murphy, *et al.*,
      Civil Action No. 22-2301-ZNQ-TJB

Dear Counsel:

This matter comes before the Court upon a Motion for Reconsideration ("Motion") filed by Gateway Care Center, LLC d/b/a Gateway Care Center n/k/a Shore Pointe Care Center, Jonathan Rosenberg, and Yehudah Kramer (collectively, "Gateway Defendants"). (ECF No. 24.) Defendants filed a brief in support of the Motion. ("Moving Br.," ECF No. 24-1.) Plaintiff the Estate of Frances D. DeRosa ("Plaintiff") opposed the Motion. ("Opp'n Br.," ECF No. 25.) Defendants then replied. ("Reply Br.", ECF No. 29.) Having reviewed Gateway Defendants' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, the Court **GRANTS** the Motion.

On September 12, 2022, State Defendants filed a Motion to Dismiss Counts I and II of Plaintiff's Complaint, alleging violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, respectively. (ECF No. 6.) The same day, Gateway Defendants filed a Motion to Dismiss Counts III, IV, and V of the Complaint, alleging violations of the New Jersey Resident Rights Act, gross negligence, and wrongful death, respectively. (ECF No. 8.) On May 12, 2023, the Court issued an Opinion (the "Opinion") granting State Defendants' Motion to Dismiss and denying Gateway Defendants' Motion to Dismiss Plaintiff's Complaint. *Estate of Frances D. DeRosa v. Murphy*, Civ. No. 22-2301, 2023 WL 3431218 (D.N.J. May 12, 2023). The Court had original jurisdiction over Plaintiff's § 1983 claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C § 1367. *Id.* at *2. In an accompanying Order, the Court dismissed Counts I and II of the Complaint; Counts III, IV, and V survived. (ECF No. 23.)

In denying the Gateway Defendants' Motion to Dismiss, the Court found that the Public Readiness and Emergency Preparedness Act ("PREP Act") did not bar Plaintiff's claims for violations of the New Jersey Nursing Home Resident Rights Act, gross negligence, and wrongful death. *DeRosa*, 2023 WL 3431218, at *7. Citing to the Third Circuit's decision in *Estate of Maglioli v. Alliance HC Holdings LLC*, the Court agreed that the PREP Act did not completely preempt the state law claims. DeRosa, 2023 WL 3431218, at *8 (citing 16 F.4th 393 (3d Cir. 2021)). The Court ultimately found that because Plaintiff did not allege a claim for willful misconduct—the exclusive federal cause of action under the PREP Act—Plaintiff's claims were not barred by the PREP Act. *DeRosa*, 2023 WL 3431218, at *7. Gateway Defendants now move the Court to reconsider the Opinion. Specifically, Gateway Defendants argue that

Counts III–V should be dismissed because the Complaint "falls squarely within the ambit" of the PREP Act "which immunize[s] Defendants from suit and liability in this action." (Moving Br. at 1.)

A motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Having considered the parties' submissions, Gateway Defendants have persuaded the Court that its Opinion misinterpreted *Maglioli* when it concluded that "the PREP Act would only apply to willful misconduct claims and that any other cause of action would not be protected under the PREP Act." (Moving Br. at 8) (emphasis in original). Accordingly, the Court hereby VACATES the portion of the Opinion and Order that declined to bar Counts III–V by virtue of the PREP Act. **For clarity, the Clerk's Office shall mark the Order at ECF No. 23 as "VACATED" and shall mark the Opinion at ECF No. 22 as "VACATED IN PART."**

Upon further consideration, and in light of the guidance provided by the Third Circuit in *Maglioli*, the Court will decline to exercise supplemental jurisdiction over Counts III–V, consisting entirely of state law claims. Here, the Court dismissed Count I of the Complaint, the only claim over which it had original jurisdiction. (*See* Order.) Under the relevant statute, a court "may decline to exercise supplemental jurisdiction [over state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In fact, where courts dismiss federal claims at an early stage in the litigation, they generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, pursuant to § 1367(c)(3), the Court hereby exercises its discretion to decline supplemental jurisdiction over Counts III–V.[1] The Court will issue a revised Order to that effect.[2]

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court expresses no opinion as to its exercise of supplemental jurisdiction with respect to Count II at this stage of the proceedings. The Court will address this on any subsequent motions.

[2] The Court clarifies that the revised Order reflects the Court's updated disposition as to Counts III–V only. The Court's disposition as to Counts I and II remains the same as its May 12, 2023 Opinion. The Court also notes that due to inadvertent clerical error, the Order docketed in this case at ECF No. 23 was not the correct Order. It was one associated with an unrelated matter.